Good morning. May it please the Court, my name is Katherine Mayer and I represent the petitioner Joseph Young. I'd like to reserve two minutes for rebuttal, please. I'd like to address two primary issues this morning. The first is why the record of conviction in this case does not necessarily show that Mr. Young actually admitted facts that amount to a removable offense. And the second issue is why Mr. Young exhausted his claim that he's not removable for having violated a law relating to a controlled substance. On the first issue, Shepard tells us that the record of conviction must necessarily and explicitly show that a defendant actually admitted facts that amount to a removable offense. In this case, we have no transcript of the plea colloquy, no copy of the plea agreement. So that means that the issue becomes whether the bare plea of guilty can show that the defendant actually admitted facts amounting to a removable offense. Counsel, as I understand it under Cisneros-Perez, the docket sheet is okay for the modified categorical approach. And it looks as though the complaint said sell transport controlled substance for what he pleaded guilty to. What is the problem on that? There's a couple of problems with that. First, the docket sheet may be enough in some cases. In this case, it's not because it doesn't give any indication of the facts actually admitted. And second, there's nothing to tie that guilty plea back to the charging papers. In Vidal, this Court held that the plea must state that it is as charged in order to refer back to the charging papers. And nothing in this case shows that Mr. Young pled as he was charged. Wait, I'm missing something. I'm looking at 328 of the excerpts and 324 of the excerpts. And the information seems to be, let's see, I think I need to go a little further in the excerpts as well. And it looks like the information says that he, that it was cocaine-based. The information does say that, Your Honor. However, the guilty plea does not indicate that it actually admitted to an offense involving cocaine. Nothing in this record shows that he admitted to all of the allegations that he was charged with. So we don't have any way of knowing, because there's no transcript of the colloquy and no copy of the agreement, whether he actually admitted to each and every allegation charged. Another problem with this information and all of the charging papers is that it is simply a generic recitation of the statutory elements of Section 11352. It doesn't do anything to narrow that overbroad statute to something that matches the generic conviction. He couldn't be guilty of everything that was listed in the statute, could he? You know, it's possible. We don't know what he admitted to. His conviction could be sustained if he admitted only to solicitation, which would not be a removable offense. We simply have no way of knowing on this record what facts he actually admitted. And since under Shepard we have to know what he necessarily admitted, this bare plea of guilty is not enough. You know, we have a case that has gone in bank and been argued, Snellenberger, where the first panel said that the minute entry was not sufficient. What's the difference between a minute entry and a docket, an electronic docket? There's not a lot of difference between the docket and the minute entry. In both cases, you're left guessing at which facts the defendant actually admitted. This docket is also a clerical-type document. It's not a record comparable to a plea colloquy or a plea agreement that shows which facts were actually admitted. I would say that even if the in-bank court changes the ruling in Snellenberger, I don't think that that affects this case because we still are left with a record of conviction that does not show which facts were actually admitted. And there's not we're not dealing with the exact same type of document here as we are in Snellenberger because this is a docket sheet. But the reasoning applied in the original three-judge panel in Snellenberger I think is relevant to this case as well because the reasoning was you cannot ascertain from this bare plea of guilty which facts were actually admitted. I have in my reading notes, and you check. I may have missed something because I read it too fast. At AR 261, the I.J. is asking him what he pleaded to, and he says, I pled guilty to one count of sales. Yes, Your Honor, that is correct. But that is what he told the I.J. And this Court may not look at the administrative record to determine what the nature of the prior conviction was. That's under cases like Tocatli. Rather, the Court is limited. And even if he says to the I.J. to explain the docket sheet and information and whatever else is in the record obtained from the State, that he did exactly what the aggravated felony requirement would be, that doesn't suffice?  Why? Because the rationale of a limited record of conviction is to prevent the Immigration Court and this Court and other subsequent reviewing courts from holding several mini-trials and hearing new factual evidence as to what the nature of the prior conviction was. Sotomayor And what's the case that tells us that? I would point the Court to Tocatli as one of them. Cisneros-Perez is another one that is recent and actually was looking at a cancellation of removal case. In both of those cases, the defendant admitted certain things to the immigration judge, and the Court – this Court held that it was precluded from – that the Immigration Court was precluded from considering those admissions before the I.J. Rather, the Court must look to the limited documents in the record of conviction, which gets us back to the problem that we have – we're discussing earlier, which is that there's simply a bare guilty plea to an overgrab statute in this case. Give us the two citations, would you? For sure. One moment, please. Tocatli v. Ashcroft is the first one, and that's 371F3rd, 613th. That's a Ninth Circuit. What's the last? 613. 613, okay. And the other is Cisneros-Perez v. Gonzalez, which is 465F3rd, 386th. Thank you. I'd like to spend just a moment on the exhaustion issue also. The government contends that Mr. Young failed to exhaust his claim that he's not removable for violating a controlled substance offense. And I would point the panel to Administrative Record, page 14, which is a copy of Mr. Young's brief to the BIA. And in that – on that page of his brief, he expressly argues that the record of conviction is not sufficient to show that he was convicted of a controlled substance offense. All that is required under this Court's doctrine is for the Petitioner to mention the brief – mention in his brief to the BIA the specific claim. And here he expressly mentions the law that the conviction is not related to a controlled substance offense. He also argues a little bit more generically in his pro se brief in Administrative Record, page 41, that the government did not submit a guilty plea agreement to unequivocally establish that the plea conviction satisfied the federal element. Now, that was a pro se brief at that point, so it wasn't maybe as artful as it could have been. But it's sufficient to alert the BIA that he is challenging that the record of conviction is not sufficient to show that he actually admitted facts amounting to a removable offense. I'm looking at a case called Barragan-Lopez v. Mukasey that we decided in 2007. And it says that his admission before the I.J. constitutes clear, convincing and unequivocal evidence of the basis for removal. What's the distinction between that and what you cited? I apologize. I'm not familiar with that specific case. However, Tocatli and Cisneros-Perez and others are quite clear that the Court is limited to looking at the documents in the record of conviction. In fact, Shepard points out that the core of Taylor, which was the first Supreme Court case to set forth the modified categorical approach, one of the heart of that decision is that the court's subsequent court should avoid holding mini-trials. And if you begin looking at a defendant's testimony ---- In those cases, was there, in fact, an admission before the I.J.? Yes, I believe there was, Your Honor. The person said, I don't ---- I admit what constitutes an aggravated felony. And we said, we don't care? I believe that's correct, Your Honor. You are limited to looking at the documents in the record of conviction. And in this case, that is only the bare plea of guilty and the charging papers, which do not show what the defendant actually admitted. So we're left guessing whether he admitted facts that amount to a removable offense or not. I thought in Cisneros, we didn't have anything like an admission before the I.J. of what he did. I believe there was, Your Honor. I can check that. Tell you what, your time is up. I will look, though. But I'll give you a minute for rebuttal anyway, and then maybe you could address that problem. Yes. Thank you, Your Honor. Counsel, I would also like to thank you for accepting this case pro bono. Thank you very much. Thank you, Your Honor. I want to say that the briefing in this case was exceptionally good. We don't always see that in immigration cases. I agree, and I appreciate it. May it please the Court. My name is Sue Wong, and I represent the United States. Your Honor, let's get right to the exhaustion question here. What Petitioner neglected to point out was that the Petitioner was charged with two grounds of removability. One was under the aggravated felony section, and the other one was for a crime involving a controlled substance. Now, before the immigration judge, Petitioner never challenged the ground of removability for the drug offense crime. Petitioner, in fact, as the Court pointed out, admitted that he was convicted for sale of cocaine. And, of course, because he didn't challenge that particular ground of removability, the Petitioner cannot then say to the Board that he's challenging it because it would basically be sandbagging the agency because the agency thought it had satisfied the removability ground on that particular charge. And also, Your Honor ---- Is raising it to the BIA, but not to the IJ, is that adequate? Your Honor, if he didn't raise it below, I believe he ---- there's no basis for him to raise it above because he's not challenging that below. And so the record is not clear as to what the agency could have done if he had challenged that particular issue. He never challenged it. He admitted it. And also, before the Board, he didn't challenge it either. Of course, the brief both in the pro se brief and the brief that was filed pro bono by the attorney before the Board did mention his conviction for controlled substance because that is the only conviction for which his removability was based upon. So he necessarily had to say in the brief the conviction for the controlled substance. Now, if you read the brief in its entirety instead of in the section that was filed in Petitioner's brief, you would see that they are challenging the aggravated felony portion of it. But wasn't it based on the same conviction? It was, Your Honor. But again, there are two grounds of removability, controlled substance offense and aggravated felony. The Board didn't reach the issue of whether or not the government proved by clear and convincing evidence that the Petitioner was removable on the aggravated felony ground. The Board specifically found that because the Petitioner did not challenge and admit to the ground of removability for a crime, for an offense of controlled substance crime, the Board merely stated based on that removability ground, the Petitioner then, the burden then shifts to the Petitioner to demonstrate that he was not convicted of an aggravated felony to enable him to be statutorily eligible to apply for cancellation of removal. But counsel, if that's the basis upon which the BIA ultimately renders its decision, why is that, why can't that be challenged by a petition for review? Because the Board decided it. The Board decided on what? I'm sorry, Your Honor. The issue that you're saying was waived. Isn't that the basis for the Board's decision? So why can't we review that? The issue was waived in terms of removability ground for aggravated felony. Now, on the relief side, whether or not the Petitioner committed a crime of aggravated felony, on the relief side, that burden goes to the, it's a factual burden on whether or not the Petitioner. On the cancellation of removal issue? Right. Okay. So therefore, that takes, that is a complete, it's challenging the aggravated felony charge, but not under the removability ground. Right. It's under eligibility. So that burden is lower, and the Petitioner held the, had the burden of proving that. And as a result, Your Honor, if this Court were to find that the Petitioner was in fact convicted of a crime relating to a controlled substance, then under Section 242A2C, it takes it out of this Court's jurisdiction altogether, all the subsequent challenges that the Petitioner states in terms of relief. Because again, it goes to the fact, the burden of proof of whether or not he was not convicted of an aggravated felony is a factual basis. And therefore, that takes it out of this Court's jurisdiction, because 242A2D only gives this Court jurisdiction under, if he's challenging constitutional or legal claims. But isn't it a legal issue whether or not the conviction was established by the record? Isn't that a legal issue? Your Honor, again, the Petitioner did not, it goes back to the waiver and also the exhaustion issue, Your Honor. The Petitioner did not challenge that ground. He didn't challenge it before the Board, and certainly he cannot challenge it before the Board. But if it's a legal issue that we have to decide whether or not the cancellation of removal was properly done. Your Honor, it's not the, there are two separate grounds. One is to establish removability. Right. And the other one is to establish eligibility for removal, from removal. For relief from removal. Right, right. Okay. So what case authority says that that's a factual determination? What case do you have that says that it's not a legal determination? Your Honor, I believe the case that was cited in the brief, the Court's indulgence, please. If the Court would turn to page 24, I believe, of the government's brief, it specifically cited to, Your Honor, the, I'm sorry, page 26 of the government's brief. What page again, counsel? Your Honor, I apologize. I have a tab, but I don't, I can't point to it right now. If the Court wants, the government can certainly point to anything. No. I want, because you were making that argument, and that's a very, that's a stunning proposition, that this is a question of fact. I was curious as to what case supported that. Your Honor, in the cancellation removal context, the burden of proof on the petitioner to show whether or not he was eligible, he is eligible for that relief is a factual basis. Counsel, I think we have a case that says that if there's ambiguity, that satisfies his burden, and then it's the government's burden to show that it fits in one of the categories. Once it fits in one of the categories, we're out of the picture. Your Honor, the Court, I believe, is referring to the, again, the burden for removability. And for eligibility, it's a different, completely different. Oh, is it? But for eligibility, I think that we have held that if the documents do not show conclusively that he has committed an aggravated felony, that satisfies the burden. Your Honor, I believe the Court is referring to if there's ambiguity, then it satisfies the burden for removability, but not for the release stage. The release stage is by preponderance of the evidence, which is a lower standard. The petitioner has to necessarily show that he was not. Which is your case that says that? Your Honor, I apologize. I can't point to it right now. But counsel, I'm confused here. I feel like we're going around Robin Hood's barn and being invited to establish law and all kinds of propositions that we don't need. I look at the BIA decision, and it says we need not reach the issue of whether DHS met its burden on removability for an aggravated felony. The IJ said he was otherwise removable because of a controlled substance violation. And then they say his guilty plea includes an admission, and he testified before the IJ that he pled guilty to one count of sale. Is there any more that's needed in the case? Your Honor, I don't believe there is to demonstrate his eligibility for cancellation of removal. So we don't need to decide all this burden of proof argument you're making? Your Honor, yes, as long as the Court. You don't need to decide the exhaustion issue you're making, except that I can't see where we need to decide anything except whether his admission to the IJ that he sold the cocaine base is sufficient. Do we need to decide anything else?  As the Court is correct, the Petitioner pointed out that he sold cocaine. Now, since he's not for the ground of removability, the Court can look to that as a basis to determine his eligibility for cancellation of removal. What case are you relying on to support your argument that we can look to his admission in the administrative proceeding to determine his eligibility for relief from removal? What case says that? Your Honor, I'm at a loss right now to point the Court to the cases. You don't know the cases? I'm sorry? I assume you're reading all these cases on the airplane. Your Honor, I apologize. James, I was. I apologize. I just can't remember cases. So you don't know this Berrigan Lopez case? I'm very bad at remembering case names I apologize in. But I do know the law, so I apologize. But that is the proposition that. That's a critical proposition. That's the whole case, isn't it? Your Honor, we're saying that that is not the only thing that the Petitioner can rely on, I mean the government can rely on. Yeah, but if you've got that, if I understand it right, unless I'm missing something, if you've got that, you don't need anything else. And I was thinking under the Berrigan Lopez case, you've got that. But your argument goes all around Robin Hood's barn, and I'm thinking maybe I'm wrong. It's not that simple. And I wanted to ask you why that case isn't distinguishable. So we're kind of at an impasse. Because you don't know the case. Okay. Thank you. Thanks. Very briefly, Cisneros-Perez does involve a case. It's a cancellation of removal case. So it will address the Court's question as to what it can look at when it's considering whether. Does it involve somebody who admitted to the IJ? Yes, it does. It states that the administrative record contains, the issue was whether there was a domestic violence crime and whether the person had actually committed an offense against a woman named Magali Garcia that was named in the charging papers. And at 416- Oh, I see what you mean. What's the distinction between that and Berrigan Lopez? I apologize. I don't know Berrigan Lopez. I don't believe it was cited in anyone's briefs. But the case does say the fact that the administrative record, with an emphasis on administrative, contains an admission that Magali Garcia, Cisneros-Perez's wife, does not supply the missing element. The immigration judge was not entitled to go beyond the conviction record for purposes of ascertaining the crime of which Cisneros-Perez was convicted. And this case, as well as Sandoval-Lua, also speak to the question of whether this Court has jurisdiction over the nature of a prior conviction when determining cancellation of removal. It's true that the ultimate cancellation determination is discretionary, but that one prong, the nature of the prior conviction, is a legal question over which this Court has jurisdiction. Counsel, do you agree that the issue of removal is not before us, that that issue was not contested by law? No, I disagree with that. And why do you disagree with that? I disagree with that because throughout the immigration judge's proceedings and before the BIA, Mr. Young contested that the record of conviction was sufficient to show that he actually admitted to facts amounting to a removable offense. But he didn't challenge removability at all. Yes, he did. Where in the record did he challenge removability specifically? Because the same action was the basis for the removability determination and the eligibility for relief from removal. So show me in the record specifically where he canceled removability or where he challenged removability. One moment. Let me just grab the record. Okay. At page, administrative record, page 41, which is his pro se brief before the BIA, he states that the ICE failed to prove their case based upon the unequivocally clear and convincing standard, which is a direct challenge to removability because it is unremovable. No, he said that that didn't establish that his plea conviction satisfied the Federal element. That's what they say. I apologize, Your Honor. I was pointing to the heading of that section. Right. But that would go toward whether or not the drug conviction met the Federal equivalent. Furthermore, I would point the court to administrative record, page 51, which goes with his declaration, and he respectfully moves the board to reverse the IJ's order of removal. So that's a direct challenge to the order of removal itself. It's not just a challenge to the finding that he was ineligible for cancellation of removal. Counsel, I was looking at this Barragan Lopez case and the Cisneros Perez case to see how we could have come to two opposite results, and I think I figured it out, but you correct me if I'm wrong. In the Barragan Lopez case, he admitted to the crime. In Cisneros Perez, all he was accused of and pleaded no-lo to was simple battery. That wouldn't do it for the government. That wouldn't prevent him from getting the immigration relief. And then before the IJ, he admitted that the person that he hit was his wife, and that would do it once it's a domestic violence crime. But there was never one place where he admitted to the crime. I'm wondering why that doesn't distinguish the cases. I believe that the court's rule is fairly clear, as is the Supreme Court's, that you may only consider the documents, the limited documents. Have you read Barragan? I apologize, Your Honor. I have not read Barragan. It wasn't cited in the briefs by the government. I'll have to tell the judge that wrote it, you need better PRH. But I would emphasize once again that Tocatli is relatively clear on this point, that the court must look only to the record of conviction and not to the administrative record. And I see that my time is up. Let me just ask one more question. In the removal proceeding, did the respondent or the petitioner concede removability? No. No, he did not.  Thank you for your indulgence in going over the time. Thank you, counsel.
judges: Fletcher, Kleinfeld, Rawlinson